[Crim. No. 549.   Department Two.—December 15, 1899.]

THE PEOPLE, Respondent, v. WILLIAM LEWIS, Appellant.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—LARCENY—
   REVIEW UPON APPEAL.—Where the evidence upon a charge of obtain-
   ing money under false pretenses fails of proof thereof, and it
   is conceded by the attorney general that the evidence indicates
   that the only offense committed was that of larceny, the judg-
   ment of conviction must be reversed; and as the case cannot
   be tried again upon the charge made, the court will not, upon
   the appeal, determine moot questions of law.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from orders denying a
new trial and denying a motion in arrest of judgment.  F. H.
Dunne, Judge.

The facts are stated in the opinion of the court.

P. J. Mogan, and J. J. Guilfoyle, for Appellant.

Tirey L. Ford, Attorney General, for Respondent.

THE COURT.—Defendant was charged with and convicted
of the crime of obtaining money by false pretenses, and he ap-
peals from the judgment, from the order denying his motion
for a new trial, and from an order denying his motion in arrest
of judgment.  At the oral argument the attorney general stated
that he was satisfied that if, under the evidence, the appellant
was guilty of any crime, it was that of larceny and not of ob-
taining money under false pretenses, and thereupon he con-
fessed error.  Counsel for appellant, however, contended that
there were questions arising out of the evidence, and out of the
admissibility of certain evidence, which should be determined
here for the benefit of the lower court upon another trial; and
thereupon the cause was submitted.  Section 1110 of the Penal
Code provides that where the false pretense is not evidenced
by writing it must be proven by the testimony of two witnesses,
or that of one witness and corroborating circumstances.  In
this case there was no written evidence and the testimony to
the false pretenses was that of one witness alone; and appellant

contends: 1. That there were no such corroborating circumstances as the law contemplates; and 2. That the court erroneously admitted certain evidence touching the matter of corroboration; and these are the questions which he asks to have determined. But upon further consideration of the case it is evident that it will not be tried again upon the present charge, and that therefore these are merely moot questions not calling for determination.

Upon the confession of error of the attorney general the judgment and orders appealed from are reversed.